Columbia Gas of Pennsylvania, Inc., Petitioner *v.*
Pennsylvania Public Utility Commission,
Respondent.

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-SALLE and CRAIG, did not participate.

*W. Russel Hoerner*, with him *Michael W. Gang; Thomas J. Brown, Jr.; Wallace R. Barnes; Thomas E. Morgan;* and, of counsel, *Morgan, Lewis & Bockius,* for petitioner.

*Patrick D. Ward*, Assistant Counsel, with him *Daniel F. Joella,* Deputy Chief Counsel, and *Kathleen Herzog Larkin,* Chief Counsel, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 19, 1979:
In this appeal, Columbia Gas of Pennsylvania, Inc. (petitioner) seeks review of a decision by the Pennsylvania Public Utility Commission (Commission) granting petitioner just slightly more than one quarter of a requested increase in base rate operating revenues. We remand.

On May 3, 1976, petitioner filed tariff supplements which would have increased its annual base rate operating revenues by an amount of $25,504,502. On August 4, 1976 the Commission suspended the supplements for a period of 9 months pending an investigation into their justness and reasonableness. The suspension was subsequently extended for an additional 3 months. The Commission, by order of May 4, 1977, permitted petitioner to file tariff supplements establishing temporary rates increasing annual revenues by $5 million. Between October, 1976 and May, 1977 10 days of hearings were held on the proposed increases; by its final order dated December 20, 1977, the Commission permitted an additional increase of $1,650,000 for a total increase in annual revenues of $6,650,000. The test year was the twelve months ended December 31, 1975.

Except for certain relatively minor adjustments, the Commission accepted the accuracy and reasonableness of the four measures of value for plant in service on December 31, 1975 submitted by petitioner.[1] With regard to petitioner's three measures of trend-

---

[1] The petitioner's four measures of value with the adjustments made by the Commission may be summarized as follows:

|  | Petitioner | Commission | Net Adjustment |
|---|---|---|---|
| Original Cost | $145,561,001 | $146,703,748 | (+) $1,142,747 |
| Trended Original Cost | $295,151,546a | $296,368,587 | (+) $1,217,041 |
|  | $252,927,982b | $254,234,516 | (+) $1,306,534 |
|  | $233,458,422c | $234,808,010 | (+) $1,349,588 |

a Spot trended original cost at December 31, 1975 price level.

b Average trended original cost at three-year average price level ended December 31, 1975.

c Average trended original cost at five-year average price level ended December 31, 1975.

ed original cost the Commission stated, "[o]ur review of [petitioner's] trended original cost study and methodology employed in these proceedings indicates that it generally results in a reasonable estimate of trended original cost. Our findings in the Fair Value section of this Order will consider all the foregoing."

Despite the observation above, the Commission concluded that "the fair value of the [petitioner's] property used and useful in public service at December 31, 1975 to be $160,700,000." Based on the Commission's adjusted figures, this results in a ratio of fair value to original cost of 109.5 percent. In contrast, using as the measure of fair value petitioner's spot trended original cost figure of $295,151,546 the ratio of fair value to original cost is 202.8 percent.

We are not prepared to say that a finding of fair value which is only 109.5 percent of original cost is *per se* arbitrary and unreasonable. As President Judge Bowman, writing for this Court in *Pennsylvania Gas and Water Co.—Water Division v. Pennsylvania Public Utility Commission*, 33 Pa. Commonwealth Ct. 143, 151, 381 A.2d 996, 1000 (1977) observed:

> Once again, we decline to conclude that *this figure alone* [121 percent] establishes an abuse of discretion per se, because there may exist a situation, however improbable, in which stability of prices for materials, increased labor

---

The adjustments made by the Commission primarily consisted of (1) a disallowance of a portion of cash working capital which reduced all values by $218,000; (2) a disallowance of petitioner's deduction for accumulated deferred income taxes which increased all values by $2,042,241; and (3) an adjustment disallowing a portion of non-revenue producing construction work in progress which resulted in a reduction of $681,494 in the original cost measure and somewhat lesser reductions for the trended original cost measures of value.

productivity, enhanced technological efficiency, or some combination thereof would make reproduction cost sufficiently low that a reasonable fair value figure may exceed net original cost by a lesser percentage. (Emphasis in original.)

We are, however, prepared to say that the Commission in this case has failed to provide us with sufficient findings and discussion to enable us to make such a determination. Once again the words of President Judge BOWMAN are pertinent:

While such a conclusion as to fair value . . . may be justified, the result it produced not only makes it suspect but, more importantly, the want of adequate discussion and critical findings of fact leading to the conclusion does not enable us to perform our judicial role. To pass upon the merits of these appeals on the present record before us would cast us in the role of making an independent judgment on the merits based upon the whole record before us, a role not given to us by law nor one which we are qualified to assume. (Footnote omitted.)

*West Penn Power Co. v. Pennsylvania Public Utility Commission,* 33 Pa. Commonwealth Ct. 403, 406, 381 A.2d 1337, 1339 (1978). *See also Octoraro Water Co. v. Pennsylvania Public Utility Commission,* 38 Pa. Commonwealth Ct. 83, 391 A.2d 1129 (1978).

The Commission's discussion of fair value amounted to no more than the following:

Pennsylvania Regulatory Law requires that consideration be given to measures of value which include original cost and trended original cost or reproduction cost in the determination of fair value. Each case must be reviewed individually to determine the accuracy, validity, and authenticity of the various claims made

in the measures of value submitted by respondent.

Our Appellate Court has stated,

'Under the fair value rule prevailing in this state, consideration should be given to original cost and average price reproduction cost of the property; it was never intended that fair value be the equivalent of market price or cost at current prices. In determining fair value for rate making purposes, i.e., the value fixed at the time the rates are established, the Commission should exercise reasonable judgment on all relevant facts.' (City of Pittsburgh v. Pa. P.U.C., 171 Pa. Superior Court 187, 198-99 (1952.)

In consideration of the foregoing, and taking into account our comments in previous sections of this Order pertaining to the above studies, we find and determine the fair value of the respondent's property used and useful in public service at December 31, 1975 to be $160,700,000.

In view of the fact that the Commission is reducing the value of the petitioner's property used and useful in the public service from a claimed $295,151,546 to $160,700,000 and the ratio of fair value to original cost from 202.8 percent to 109.5 percent, we find the Commission's cursory discussion of fair value and the legal principles governing its determination to be wholly inadequate for purposes of review, *see Philadelphia Suburban Water Co. v. Pennsylvania Public Utility Commission,* 38 Pa. Commonwealth Ct. 614, 394 A.2d 1063 (1978); therefore we must remand and will not pass upon the merits of the substantive issues raised by petitioner.

124

Accordingly, we will enter the following

ORDER

AND Now, April 19, 1979, the order of Pennsylvania Public Utility Commission at Rate Investigation Docket No. 340, dated December 20, 1977 is hereby vacated and these proceedings are remanded to the Commission for the purpose of its review and revision of said order and, if necessary, modification thereof, consistent with this opinion to the end that its discussion, findings of fact and conclusions of law are sufficiently comprehensive and adequate to enable this Court on review thereof to determine the merits of any appeal from such revised order.